**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ERICA MELIA,**

                           **Plaintiff,**

    vs.                                               **1:14-cv-00226
                                                         (MAD/TWD)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                           **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**BOND, MCDONALD & LEHMAN, P.C.**        **MARK M. MCDONALD, ESQ.**
91 Genesee Street
Geneva, New York 14456
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **VERNON NORWOOD, ESQ.**
Office of Regional General Counsel, Region II    Special Assistant United States Attorney
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff Erica Melia brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Presently before the Court are the parties' cross-motions for judgment on the pleadings. *See* Dkt. Nos. 13, 14. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

On July 20, 2011, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of June 2, 2007. *See* Administrative Transcript ("T.") at 198-205. Plaintiff's applications were initially denied on October 12, 2011. *See id.* at 83-89. Upon Plaintiff's request, a video conference hearing was held on September 5, 2012 before Administrative Law Judge ("ALJ") MaryJoan McNamara, at which Plaintiff was represented by her attorney. *See id.* at 7-51. On November 26, 2012, the ALJ issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). *Id.* at 64-77. Plaintiff filed a request for review with the Appeals Council, which denied review by letter dated December 31, 2013, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 1-4.

Plaintiff commenced this action on March 3, 2014, seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. Plaintiff argues that the ALJ made an improper severity determination, improperly assessed the opinion evidence and Plaintiff's credibility, arrived at an improper residual functional capacity ("RFC") determination, and erred in relying upon testimony from a vocational expert. *See* Dkt. No. 13. Defendant maintains that the ALJ applied the correct legal standards in determining that Plaintiff is not disabled and that her decision is supported by substantial evidence. *See* Dkt. No. 14.

In a Report and Recommendation dated May 26, 2015, Magistrate Judge Dancks found that the ALJ's determination that Plaintiff's right elbow impairment is not severe was supported by substantial evidence; any error by the ALJ in failing to identify Plaintiff's learning disability as a severe impairment was harmless because the ALJ addressed Plaintiff's learning disability in her RFC determination; the ALJ's failure to consider all of Plaintiff's school records in her RFC assessment was harmless because the ALJ's RFC determination with regard to Plaintiff's

2

intellectual capacity and learning disability was supported by substantial evidence; and the ALJ's RFC determination with regard to Plaintiff's lumbar disc disease was supported by substantial evidence. *See* Dkt. No. 15 at 8-21, 36-44. However, Magistrate Judge Dancks also found that the ALJ erred in her assessment of Plaintiff's RFC with regard to Plaintiff's anxiety and depression by improperly discrediting the opinion of consultative examining psychologist Dr. Christa Dinolfo based on assumed bias because Plaintiff's counsel requested Dr. Dinolfo's exam; improperly discrediting Dr. Dinolfo's opinion and Plaintiff's credibility based on Plaintiff's failure to seek mental health treatment; failing to consider the entirety of Plaintiff's testimony regarding her activities of daily living; and erroneously concluding that Plaintiff's anxiety and depression were adequately maintained with medication. *See id.* at 21-36. Magistrate Judge Dancks therefore recommended that this matter be remanded to the Commissioner for further proceedings. *See id.* at 45. Neither party objected to Magistrate Judge Dancks' Report and Recommendation.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Wagner*, 906 F.2d at 860; *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the

[Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984). However, a court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence, as "application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *Id.*; *see also Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Failure to object timely to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

In the present matter, having carefully reviewed Magistrate Judge Dancks' Report and Recommendation, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Dancks correctly determined that the ALJ committed legal error by discounting

4

Dr. Dinolfo's opinion based on perceived bias, questioning Plaintiff's credibility and discounting Dr. Dinolfo's opinion based on Plaintiff's failure to seek mental health treatment without considering Plaintiff's explanation for failing to seek treatment and the impact Plaintiff's mental health impairments and borderline intellectual capacity may have had on her failure to seek treatment, and failing to consider the entirety of Plaintiff's hearing testimony concerning her activities of daily living and the extent of her contact with the public. Magistrate Judge Dancks also correctly determined that the ALJ's finding that Plaintiff's mental health impairments were adequately maintained on medication was not supported by substantial evidence. As such, the Court finds that Magistrate Judge Dancks correctly determined that the decision of the Commissioner should be vacated and the matter be remanded.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 26, 2015 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **VACATED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with Magistrate Judge Dancks' Report and Recommendation; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 1, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge